# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| JASWINDER PAL SINGH, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| PREMIER MEDICAL GROUP, P.C., and | ) |
| ARTHUR MARSHALL, INC., | ) **JURY TRIAL DEMAND** |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Jaswinder Pal Singh, by and through his attorney, alleges as follows:

## NATURE OF THE ACTION

Plaintiff, Jaswinder Pal Singh ("Plaintiff"), brings this action against Defendants, Premier Medical Group, P.C., and Arthur Marshall, Inc. ("Defendants"), for legal and equitable relief to redress the Defendants' actions in subjecting him to illegal discrimination on the basis of race (South Asian/Punjabi), color, religion (Sikh) and national origin (Indian) and interference with his prospective business relationship and employment opportunities in his applying for and attempting to obtain a neurologist position at Premier Medical Group. This suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII), 42 U.S.C. § 1981 (§ 1981), and the common law of the State of Tennessee.

## PARTIES

1. Plaintiff, Dr. Jaswinder Pal Singh, is an adult male resident of Warren County, Kentucky. He is a licensed and board certified physician practicing in the area of

1

neurology. He is of South Asian/Punjabi ancestry. He is a member of the Sikh faith. As a Sikh, Plaintiff has a sincerely held religious belief that he must maintain unshorn hair, including facial hair, and cover his head with a turban.

2. Upon information and belief, Defendant Premier Medical Group, P.C., is a Tennessee professional corporation that conducts and is authorized to do business in the State of Tennessee. At all times relevant to the allegations herein, Defendant Premier Medical Group maintained a place of business at 1850 Business Park Drive, Clarksville, Tennessee 37043.

3. Upon information and belief, Defendant Premier Medical Group is a physician-owned multi-specialty medical group in the Clarksville-Montgomery County, Tennessee, area, which continuously has had at least 15 employees, maintains actual or constructive control over all of its operations, and has authority to direct and manage its employment practices.

4. Upon information and belief, Defendant Arthur Marshall, Inc., a Texas corporation, conducts or is authorized to do business in the State of Tennessee. At all times relevant to the allegations herein, Defendant Arthur Marshall maintained a place of business at 222 W. Las Colinas Blvd., Suite 1625N, Irving, Texas 75039.

5. Upon information and belief, Defendant Arthur Marshall is an independently owned physician-recruiting firm, which continuously has had at least 15 employees, maintains actual or constructive control over all of its operations, and has authority to direct and manage its employment practices.

6. Upon information and belief, all of the acts alleged in this Complaint were authorized, ordered, implemented, and/or ratified by Defendants' officers, agents,

employees, and/or representatives while actively engaged in the management and operation of Defendants' businesses.

7. Defendant Premier Medical Group is an "employer" within the definition of the Title VII, 42 U.S.C. § 2000e(b).

8. Defendant Arthur Marshall is an "employment agency" within the definition of the Title VII, 42 U.S.C. § 2000e(c).

## JURISDICTION AND VENUE

9. This is an action for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (Title VII), 42 U.S.C. § 1981 (§ 1981), and Tennessee common law. The Court has jurisdiction of Plaintiff's claims under 28 U.S.C. §§ 1331, 1343(a)(1) and (4), and 1367(a).

10. Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the Defendants conduct business in the State of Tennessee, and engaged in and/or ratified the illegal conduct that adversely affected the Plaintiff in the State of Tennessee.

## PROCEDURAL AND ADMINISTRATIVE REQUIREMENTS

11. All conditions precedent to the filing of this complaint have been met. Dr. Singh timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). On September 29, 2016, the EEOC issued Dr. Singh a Notice of Suit Rights.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff, a licensed medical doctor and board certified neurologist, is of South Asian/Punjabi ancestry and Indian national origin. He is a practicing member of the

Sikh religion. Consistent with the tenets of Sikhism, Plaintiff has a sincerely held belief that, at all times, he must maintain unshorn hair, including facial hair, and wear a turban.

13. Plaintiff migrated to the United States from India in 2008 to pursue a Master's Degree in Health Care Management followed by specialized training in Neurology and Clinical Neurophysiology.

14. During the time of the events alleged in this Complaint, Plaintiff was completing a Fellowship in Clinical Neurology at Loyola University Medical Center, which concluded in June 2015.

15. In or around August of 2014, Plaintiff was solicited and applied for a contracted neurologist position at Premier Medical Group in Clarksville, Tennessee, through the recruiting firm Arthur Marshall. Upon information and belief, Premier Medical Group relied upon Arthur Marshall for introductions to qualified applicants. Plaintiff was at all times fully qualified for the neurologist position at Premier Medical Group.

16. Plaintiff first learned about the available neurologist position at Premier Medical Group through Arthur Marshall's e-mail solicitations advertising the position and inviting inquiries.

17. On or around August 7, 2014, Plaintiff communicated with Arthur Marshall recruiter Steve Bianco over the phone about the neurologist position at Premier Medical Group.

18. During the phone conversation, Mr. Bianco interviewed Plaintiff about his qualifications, and commented about the difficulty of hiring immigrant doctors and

4
Case 3:16-cv-03301   Document 1   Filed 12/27/16   Page 4 of 13 PageID #: 4

their ability to communicate in English. He stated that Plaintiff, however, had no discernible accent or slang.

19. In this conversation, Plaintiff noted that he would require a J-1 visa waiver to continue to work in the United States after he completed his fellowship. Mr. Bianco stated that he would discuss this fact with Premier Medical Group.

20. In the same conversation, Mr. Bianco expressed that he was impressed with Plaintiff's qualifications and how he presented over the phone.

21. Plaintiff applied for the neurologist position by submitting his resume to Mr. Bianco via e-mail that same day, August 7, 2014.

22. Later that day, Mr. Bianco stated to Plaintiff via e-mail, "Dr. Singh, My client will not consider any visa candidates at this time. I am sorry."

23. However, Defendants continued to consider Plaintiff's candidacy after he disclosed his immigration status on August 7, 2014, as evidenced by their further communications with him.

24. On or around September 11, 2014, Mr. Bianco indicated that Premier Medical Group had reservations about Plaintiff's candidacy and wanted information about his appearance, specifically "how you appear" and "what you look like".

25. During this conversation, Plaintiff explained to Mr. Bianco that he is a Sikh and maintains unshorn hair, including a beard, and wears a turban in accordance with his faith.

26. Mr. Bianco expressed that he did not know who Sikhs were.

27. During and following the conversation on September 11, 2014, Plaintiff sent Mr. Bianco photographs of himself. These show him as a South Asian/Punjabi

identifiably observant Sikh, i.e., a brown-skinned man wearing a Sikh turban and maintaining an unshorn beard. Plaintiff also sent Mr. Bianco emails with internet links regarding the Sikh religion.

28. Upon information and belief, Arthur Marshall engages in a practice of requesting photographs from physician applicants and providing them to prospective employers as part of "a full dossier" on the candidate.

29. During the same conversation on September 11, 2014, Mr. Bianco asked Plaintiff whether and how he would "meet [his] community needs" in Clarksville and what kind of house of worship he would attend.

30. On September 15, 2014, Mr. Bianco informed Plaintiff over text messages that "[his] client is not interested at this time. I am sorry as [I] really like you."

31. Although Mr. Bianco praised Dr. Singh's credentials in prior phone interviews, he was abruptly denied further interviews after he submitted photographs of himself, along with additional information on Sikhs and Sikhism.

32. Upon information and belief, the Clarksville area is a federally designated "medically underserved area."

33. Upon information and belief, Premier Medical Group continued its search for a neurologist through Arthur Marshall, advertising the position as available as recently as May 15, 2015, and did not fill the position.

34. Defendants failed and refused to hire Plaintiff for the available neurologist position at Premier Medical Group because of his race (South Asian/Punjabi), color, religion (Sikh) and/or national origin (Indian), in violation of Title VII (race, religion, and national origin based claims) and Section 1981 (race based claims).

35. Defendant Arthur Marshall and/or Defendant Premier Medical Group intentionally and unlawfully interfered with Plaintiff's employment opportunities on the basis of his race, color, religion, and/or national origin, in violation of Title VII (race, religion, and national origin based claims), Section 1981 (race based claims), and Tennessee common law (interference with employment claim against Arthur Marshall).

36. Defendants' conduct as described in this complaint was intentional, malicious, fraudulent and/or recklessly indifferent to Plaintiff's protected rights, entitling him to punitive damages under Title VII, § 1981, and Tennessee common law.

37. As a result of Defendants' conduct, Plaintiff has lost income and other privileges and benefits of employment, has suffered embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life, and incurred attorneys' fees, costs and litigation expenses.

## COUNT ONE

### Discrimination in Violation of 42 U.S.C. §2000e as to All Defendants

38. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

39. By and through their conduct as alleged herein, Defendants discriminated against the Plaintiff by failing and refusing to hire him for employment on the basis of his race, religion, color and national origin in violation of Title VII.

40. Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

41. Defendants' hiring policies and practices resulted in Plaintiff being subject to disparate treatment on the basis of his Title VII-protected traits. Plaintiff was fully qualified for the neurologist position with Defendant Premier Medical Group for which he applied. Defendants subjected Plaintiff to a discriminatory adverse employment action by refusing to hire him because of his race, color, religion, and national origin after improperly requesting information about Plaintiff's appearance and receiving photographs of Plaintiff. The neurologist position for which Plaintiff applied remained open and Defendants continued to advertise it as available after refusing to hire Plaintiff for it. Defendants' alleged reason for refusing to hire Plaintiff—that he required visa sponsorship—is pretextual. Defendants continued to consider and discuss Plaintiff's application and qualifications and requested additional information regarding his appearance well after he disclosed his immigration status to them. Only after requesting information regarding Plaintiff's appearance, and receiving and reviewing photographs of Plaintiff and information about his Sikh religious beliefs did Defendants refuse to hire Plaintiff. Defendants' alleged reason for refusing to hire Plaintiff is false, did not actually motivate and was insufficient to motivate the refusal to hire him, and is unreasonable considering the circumstances described herein.

42. Additionally, Defendants are liable for intentionally interfering with Plaintiff's employment opportunities in violation of Title VII.

43. As a direct and proximate result of Defendants' illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm and damages, and is entitled to all legal and equitable remedies available under the Title VII, including, but not

limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial.

44. Plaintiff is further entitled to an award of reasonable attorney's fees and costs under Title VII.

**COUNT TWO**

**Discrimination in Violation of 42 U.S.C. § 1981 as to All Defendants**

45. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

46. Defendants have discriminated against Plaintiff on the basis of his race/color (South Asian/Punjabi) and/or religion (Sikh) as a proxy for race in violation of Section 1981 by denying him the same terms and conditions of employment available to applicants who are not South Asian/Punjabi and/or Sikh, including but not limited to, failing and refusing to hire Plaintiff because of his race/color and/or religion as a proxy for race.

47. Defendants have discriminated against Plaintiff on the basis of his race/color and/or Sikh religion as a proxy for race in violation of Section 1981 by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy the discriminatory failure and refusal to hire Plaintiff because of his race/color and/or Sikh religion as a proxy for race.

48. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered and will continue to suffer severe harm and damages, and is entitled to all legal and equitable remedies available

9
Case 3:16-cv-03301   Document 1   Filed 12/27/16   Page 9 of 13 PageID #: 9

under Section 1981, including, but not limited to, an award of monetary damages and other legal and equitable relief, in amounts to be determined at trial.

49. Defendants' unlawful and discriminatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT THREE
### Intentional Interference with Business Relationships as to Defendant Arthur Marshall, Inc.

50. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

51. Plaintiff had a prospective, contractual business relationship with Premier Medical Group and patients in the Montgomery County, Tennessee, area.

52. Defendant Arthur Marshall had knowledge of this prospective business relationship.

53. The prospective business relationship ended on September 15, 2014, when Defendants refused to hire Plaintiff for the available, contracted neurologist position with Premier Medical Group for which he had applied or otherwise interfered with Plaintiff's ability to be hired for that position.

54. In engaging in the discriminatory conduct described in this Complaint, Defendant Arthur Marshall intentionally by improper motive and/or improper means caused Plaintiff's prospective business relationship to end and interfered with his continued and subsequent employment and ability to earn a living and serve patients

in a federally designated medically underserved area, in violation of Tennessee law and clear public policy.

55. Defendant Arthur Marshall's intentional interference with Plaintiff's prospective business relationship and employment opportunities with Premier Medical Group and patients in a federal designated medically underserved area has harmed and caused damage to Plaintiff.

56. Defendant Arthur Marshall's conduct as described in this complaint was intentional, malicious, reckless and/or fraudulent, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant the following relief:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendants violated the rights of Plaintiff as secured by Title VII and Section 1981;

B. Grant Plaintiff a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them from continuing to violate Title VII and Section 1981;

C. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities which eradicate the effects of Defendants' past and present unlawful employment practices;

D. Order Defendants to make Plaintiff whole for the unlawful employment practices described above, by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, reinstatement,

restoration of benefits and seniority, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

E.  Order Defendants to make Plaintiff whole for the unlawful employment practices described above by providing compensation for non-pecuniary losses, including emotional distress, pain and suffering, and embarrassment and humiliation, and punitive damages, in amounts to be determined at trial;

F.  Grant Plaintiff an award of reasonable attorneys' fees, costs and litigation expenses; and

G.  Grant such other and further legal or equitable relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

57. Plaintiff demands trial by jury of all issues triable of right to a jury.

Respectfully submitted,

s/Douglas B. Janney III
Douglas B. Janney III (BPR No. 19112)
Law Office of Douglas B. Janney III
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900
doug@janneylaw.com

Attorney for Plaintiff Jaswinder Pal Singh

Dated: December 27, 2016

**Of Counsel:**

Harsimran Kaur Dang, Esq. (CA Bar No. 264240)
The Sikh Coalition
50 Broad Street, Ste. 1637
New York, NY 10004
(510) 565-7908

Pawanpreet Kaur Dhaliwal, Esq. (CA Bar No. 307715)
The Sikh Coalition
50 Broad Street, Ste. 1637
New York, NY 10004
(510) 953-4544